# Law and Equity

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

———————•••———————

## CLAPP and another *vs.* SCHUTT and another.

The sheriff has no right of action under section 203 of the code, against bail who fail to justify, until he has sustained damage by reason of the liability as bail which the law imposes upon him, as a consequence of a failure to justify or put in other bail.

His right of action is not to recover for not putting in bail, or surrendering the principal, but for damages which he may sustain by reason of such omission to justify &c.; and until he has sustained such damage he has no right of action against the bail.

What the complaint, in an action by the sheriff or his assignee, against bail should state.

Where the plaintiff in an action gave notice that he would not accept the bail, and the bail never justified, and nothing was done by the defendant in relation to the undertaking: *Held* that the plaintiff ceased to have any interest in it, and hence that he could not sue as the original obligee of the undertaking. *Per* CLERKE, J.

Whether the sheriff may assign the right of action which he may have against the bail, upon their undertaking, so as to authorize the assignee to sue thereon ? *Quære.*

THIS is an appeal from a judgment entered in the action, against the plaintiff, in favor of the defendants, for $37.86, November 7, 1863, on the decision of a demurrer interposed to the complaint in the action. The complaint shows that on the 23d May, 1862, the plaintiffs commenced an action in this court against Smith M. Coope and Fisher, and on that day Justice BARNARD granted an order for the arrest of the defendants Coope and Fisher, and holding them to bail in the sum of $500. That on the 18th day of June, 1862, the sheriff, under said order, arrested the defendant Coope; that on the 10th day of July, 1862, said Coope, with the defendants in this action, became bail to the sheriff, by which they "undertook that the said defendant Coope should, at all times, render himself amenable to the process of this court, during the pending of the said action, and to such as might be issued to enforce the judgment therein." That on the 19th July, 1862, the plaintiff excepted to the bail, and the bail failed to justify; that on the 6th of October, 1862, judgment was obtained in the action against Coope and Fisher for $518.74, damages and costs; that on the 6th of November, 1862, an execution on the said judgment was issued to the sheriff of the city and county of New York, against the defendants Coope and Fisher, and returned wholly unsatisfied. That on the 9th day of January, 1863, an execution on the judgment was issued against the body of the said Coope, which execution was, by the sheriff, returned not found; and that on the 16th day of March, 1863, the sheriff, for a good consideration, assigned the undertaking on the arrest to the plaintiffs, who demand judgment against the sureties on the undertaking. To this complaint the defendants demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer came on for trial at the October term, 1863, before his Hon. Justice CLERKE, who gave judgment for the defendants on the demurrer, from which judgment the plaintiffs appealed to this court.

Clapp *v.* Schutt.

*R. M. Harrington*, for the appellants.

———— ————, for the respondents.

INGRAHAM, P. J. I do not deem it necessary to decide in this case whether the sheriff may or may not assign the right of action which he may have against the bail. I can see no reason why, after that right has become perfect, and he has an action for damages on the undertaking, he may not assign that right to a third person. I think, however, other views of this case are decisive of the question raised on the demurrer.

The bail originally put in were excepted to, and did not justify. They did not, therefore, become responsible to the plaintiffs, and the sheriff became liable as bail in the action. (§ 201 *of the Code.*) From this liability he can be discharged by putting in other bail.

By the 203d section, the bail, in case they do not justify, or other bail is not given, become liable to the sheriff by action for damages which he may sustain by reason of such omission. (§ 203.)

This section is intended to secure the sheriff against the consequences of a failure to justify, or to put in other bail. The liability he assumes is to be bail for himself, and he has a right to recover from the original bail the damages which he sustains by reason of that liability. It is apparent, therefore, that he has no action against the bail until he has sustained damage from the liability as bail which the law imposes upon him. His right of action is not to recover for not putting in bail, or surrendering the principal, but for damages which he may sustain by reason of such omission to justify &c. and until he has sustained such damage he has no right of action against the bail. In this respect this liability of the bail is different from that under which the bail to the sheriff were liable under the old system. They were liable if they did not put in bail in the action. Under the present system the liability is for the damages which the sheriff has

sustained. From what I have said it is easy to define what the complaint should contain to make out a sufficient cause of action. It should state not only the facts preliminary to giving the undertaking, the neglect to justify or substitute other bail, and the recovery of judgment in the original action, with the execution, but also that the sheriff has sustained damage in the action, and contain a statement of what that damage was. This would be necessary to enable the sheriff to recover in his own name. It would be just as necessary if the plaintiff, as assignee, could maintain an action.

In this respect the complaint demurred to is defective. There is no averment of any damage, nor is it even averred that the sheriff has in any respect been damaged, and without that there is no cause of action stated.

The demurrer in this respect is well taken, and the judgment should be affirmed.

CLERKE, J. The plaintiff can maintain this action only as the party for whose benefit it was originally made, or as the assignee of the sheriff, either as obligee or assignee.

The commissioners, I think, from the whole tenor of the provisions relating to arrest and bail, intended that the undertaking given by a defendant on his arrest, should be made as a contract with the plaintiff in the action, leaving it to the option of the latter to accept it or not, as he may deem proper. (§ 192.)

If he decides on not accepting it, he must notify the sheriff to that effect, within ten days after he receives a certified copy of it; otherwise, he shall be deemed to have accepted it. After the service of the notice, refusing to accept the bail, it ceases to have any effect, unless the bail justify in the manner prescribed, and after due examination as to the sufficiency of the sureties the judge indorses his allowance on the undertaking. Unless this be done, the plaintiff is no party to the instrument, for he has otherwise positively rejected it. If the

bail should justify and be allowed after the refusal to accept, the instrument is revived, and the plaintiff is compelled to accept, and becomes the obligee for whom it was originally designed.    In the case before us the plaintiff gave notice that he would not accept the bail; the bail never justified, and nothing whatever was done by the defendant in relation to the undertaking.    The plaintiff, as in any other instrument which the party rejects, ceased to have any interest in it.    If this is so, he certainly can not sue as the original obligee of the undertaking.

But it is insisted that he can sue as the assignee of the sheriff; the latter having the same power to assign as he had under the former system to assign bail bonds.

As I have already mentioned, in the new system the plaintiff is, I think, exclusively the party to whom the instrument is executed.

Section 187 indeed does not state in express words when prescribing what the undertaking shall contain, to whom it shall be executed, and, in fact, the undertaking never contains the name of an obligee.    Still I have no doubt, for the reasons above stated, that the undertaking is not a contract with the sheriff, and that he therefore has no assignable interest in it. To be sure, by section 203, the bail shall, unless they justify in the manner directed by sections 193, 195, 196, or other bail be given or justified, be liable to the sheriff in an action for damages which he may sustain by reason of such omission. This, however, does not show that he has any assignable interest in the undertaking.    By the provision of the revised statutes, founded on the common law practice, the defendant, when arrested, gave a bond executed by himself and two sureties to the officer making the arrest (2 *R. S.* 348, *marg.* § 12,) conditional that he would put in special bail within twenty days after the return day of the writ &c. ; and, by the next section, it is provided if default be made in the condition of the bond, the sheriff may assign the bond to the plaintiff in the action.    But no provision of this kind is made

in the system established by the code, which is a complete substitute for the old practice. Nothing is said of the assignment or the right of the sheriff to assign. No such word appears in the sections relating to arrest and bail; consequently, when the plaintiff refuses to accept the bail, and they fail to justify, their only liability is that given by section 203, in an action by the sheriff, not on the contract, but for the damages, which he may have sustained by reason of their omission or neglect.

The judgment should be affirmed, with costs.

GEO. G. BARNARD, J. concurred.

Judgment affirmed.

[NEW YORK GENERAL TERM, May 2, 1865. *Ingraham, Clerke* and *Geo. G. Barnard,* Justices.]